# IN THE COURT OF APPEALS OF IOWA

No. 22-1248
Filed October 19, 2022

**IN THE INTEREST OF S.G.,**
**Minor Child,**

**D.G., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Donna Bothwell, District Associate Judge.

A father appeals the adjudication of his child as a child in need of assistance. **AFFIRMED.**

R. Tim Jeffrey of McGinn, Springer & Noethe, PLC, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Roberta J. Megel of the Public Defender's Office, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

A father appeals from the adjudication of his four-year-old child as a child in need of assistance under Iowa Code section 232.2(6)(c)(2) and (n) (2022).[1] He argues the State failed to establish either ground for adjudication.

## I. Background Facts

This family came to the attention of the Iowa Department of Human Services after the mother became physically aggressive with the maternal grandmother while intoxicated and the child was present. The father then took physical care of the child.

About six months later, police were called several times to complete welfare checks at the father's home. The father reported to police that he believed his phone was hacked, he was being followed by people, those people were trying to make him commit crimes, and those people were trying to convince him they were actually ghosts. The department also became aware the paternal grandmother had been caring for the child while suffering from significant memory lapses. One time, she dropped the child off too early at school and, on another occasion, she was found wandering around the school parking lot unaware of where she was.

About a month after that, a social worker observed the father and believed he had lost weight and looked ill. The worker concluded that the father exhibited

---

[1] Only the father appeals the adjudication. He appeals following the entry of a dispositional order. *See In re Long*, 313 N.W.2d 473, 475 (Iowa 1981) (holding an order for adjudication is not final for appeal purposes until disposition).

We refer to the Iowa Code as it existed at the time the juvenile court entered the adjudicatory order, which was before July 1, 2022. Since that time, chapter 232 has undergone several revisions, including moving the grounds for adjudicating a child as in need of assistance to section 232.96A. *See* 2022 Iowa Acts ch. 1098, § 33 (becoming effective on July 1, 2022).

paranoid thinking patterns. When the father arrived at a facility to complete a requested drug test, the father spoke with a worker at the facility expressing concerns that the social worker was not a "real" department employee, claimed his calls to the department were always interfered with by a woman's voice, and the same woman called his workplace to order a cake on the day he was fired.[2] He also told the worker that his phone and computer were being watched and were compromised. The urine test to which the father submitted came back negative; however, the father was not observed while submitting the sample because no male employees were working.

Because the mother had made progress in addressing her sobriety, the child was placed in her care. At that point, the father repeatedly requested that law enforcement perform welfare checks on the child when the child was at his maternal grandmother's home. Each time, law enforcement found the child to be safe and healthy. The resulting law enforcement reports noted officers believed the father was suffering from some sort of mental-health issue.

The State filed a petition requesting the juvenile court to find the child to be in need of assistance. Following a hearing, the court adjudicated the child to be in need of assistance under Iowa Code section 232.2(6)(c)(2) and (n). The father appeals.

## II.    Scope and Standard of Review

"We review child-in-need-of-assistance proceedings de novo." *In re D.D.*, 955 N.W.2d 186, 192 (Iowa 2021). "We review the facts and the law and

---

[2] The father was employed by a grocery store and worked in the bakery department.

'adjudicate rights anew.'" *Id.* (quoting *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001)). We are not bound by the juvenile court's factual findings, but we give them weight. *Id.* "The paramount consideration in child-in-need-of-assistance proceedings is protecting the best interests of the child[]." *Id.* "[Child-in-need-of-assistance] determinations must me based upon clear and convincing evidence." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "We ask whether there are 'serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence.'" *In re H.W.*, 961 N.W.2d 138, 141 (Iowa Ct. App. Feb. 17, 2021) (alteration in original) (citation omitted).

## III. Discussion

The father challenges both grounds relied upon by the juvenile court in adjudicating the child to be in need of assistance. We evaluate each ground separately. *See J.S.*, 846 N.W.2d at 41 (requiring assessment of each ground for child-in-need-of-assistance adjudication challenged).

We start with the father's challenge to adjudication under section 232.2(6)(c)(2). A child is in need of assistance under that section when there is evidence the child "has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child." We interpret "harmful effects" broadly to encompass "effects established when there is harm to a child's physical, mental, or social well-being." *Id.* at 42. We also interpret "imminently likely" liberally because "child protection statutes 'are designed to prevent probable harm to the

child and do not require delay until after the harm has occurred.'"  *Id.* at 42–43 (citation omitted).

The father complains that there is no evidence the child has suffered any harmful effects or that he has not provided for the child's needs thus far.  But section 232.2(6)(c)(2) does not require the child to have already suffered any harmful effects.  *Id.*  Here, it is apparent that, without intervention from the department, the child is imminently likely to otherwise suffer harmful effects from the father's inability to exercise reasonable care for the child.  *See* Iowa Code §§ 232.2(6)(c)(2); .96(8) (requiring the juvenile court to decline to adjudicate and to dismiss the child-in-need-of-assistance petition "if the court concludes that its aid is not required in the circumstances").  The record reveals evidence that the father is becoming untethered from reality and believes he is being monitored and stalked.  This has led him to question whether the social worker is actually employed by the department.  The father's behavior at the drug-testing center was so bizarre that it caused the worker at the center to contact the department to report the behavior.

At the very least, the father's erratic behavior is likely to have a negative impact on the child's mental and social well-being without department intervention.  Therefore, we conclude the child meets the definition of a child in need of assistance under Iowa Code section 232.2(6)(c)(2).

As to Iowa Code section 232.2(6)(n), a child is in need of assistance when the child's "parent's or guardian's mental capacity or condition, . . . or drug or alcohol abuse results in the child not receiving adequate care."  The record before the juvenile court reveals an abundance of anecdotal evidence of the father's

compromised mental condition. However, the record does not contain evidence linking the father's unidentified mental-health conditions to instances of the child not receiving adequate care.[3] *See In re M.O.*, No. 21-0242, 2021 WL 4592243, at *2 (Iowa Ct. App. Oct. 6, 2021) (collecting cases reversing adjudication under section 232.2(6)(n) when there was no evidence presented to tie a parent's substance use to a failure to provide the child with adequate care). Unlike section 232.2(6)(c)(2)—which permits adjudication based on "imminently likely" harm—section 232.2(6)(n) requires proof of actual lack of adequate care. The evidence fails to establish that the father's mental condition resulted in lack of adequate care. This failure would seem to require a finding that the State failed to prove this ground by clear and convincing evidence. But this is not the end of the inquiry.

The ground set forth in section 232.2(6)(n) is "set forth in the singular, requiring only a showing that the child's parent—not parents—engaged in the described inadequate parenting." *See In re B.M.*, No. 21-0820, 2021 WL 3661402, at *2 (Iowa Ct. App. Aug. 18, 2021). It must be remembered that it is the child that is being adjudicated in need of assistance—not an individual parent. *See, e.g.*, Iowa Code §§ 232.87, .96, .117(5) (all focusing on whether a child is in need of assistance). A child is either in need of assistance or is not, and the request for adjudication is either granted or denied accordingly. There isn't a separate adjudication for each parent. That is not to say that it is unimportant which parent caused the need for adjudication. It can be very important, because it is the

---

[3] The father's mental-health conditions, if any, are unidentified because the father has refused to submit to a mental-health evaluation.

individual parent's behavior that will drive what services are provided to that parent and whether the child can be placed with that parent. But if one parent is the problem to the extent that the child is in need of assistance and the other is blameless, the blameless parent's good behavior does not change the need to adjudicate the child as in need of assistance.

In this case, the mother's conduct that first drew the department's attention is sufficient to adjudicate the child under section 232.2(6)(n). The mother broke her sobriety, drank alcohol to the point of intoxication, and the maternal grandmother had to intervene to care for the child—resulting in the assault of the maternal grandmother by the mother.[4] This necessitates adjudication under section 232.2(6)(n) because the child did not receive adequate care due to a parent's drug or alcohol abuse. The father acknowledged this fact at the adjudication hearing when his attorney argued that adjudication under section 232.2(6)(n) based on the mother's behavior was supported by the evidence. We agree, and we conclude the child meets the definition of a child in need of assistance under Iowa Code section 232.2(6)(n).

As the child is in need of assistance under both section 232.2(6)(c)(2) and (n), we affirm adjudication on both grounds.

**AFFIRMED.**

---

[4] The mother reported to workers that she was diagnosed with alcohol induced bipolar disorder. She also completed a substance-abuse evaluation that recommended she participate in an outpatient treatment program.